IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Bruce Comly French, Trustee for the
    Debtor Estates of Ernest Bergman and,    Case No. 3:05CV7311
        Shirley E. Bergman,    Con.sol case 3:05CV7310

           Plaintiff

    v.    ORDER

Steve Frey, et al.,

           Defendant


This case comes before me from the Bankruptcy Court, in which debtors, Ernest and Shirley Bergman, filed a Chapter 7 petition. Consolidated with this proceeding are the Bergmans' civil suit against defendant Steve Frey and a complaint seeking a declaration that the defendant insurance companies are general unsecured creditors.

Anthem Blue Cross and Blue Shield (Anthem) contends that the subrogation clause in the Bergmans' insurance policy entitles it to the amount of the expenditures it made on behalf of the

Bergmans, who were injured in an accident with defendant Frey.[1] The Trustee on behalf of the Bergmans asserts that Anthem is simply a general unsecured creditor and is not entitled to full recovery.

This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

Pending is plaintiff Trustee's motion for judgment on the pleadings to establish defendant Anthem as a general unsecured creditor and Anthem's cross-motion for summary judgment. For the following reasons, defendant's motion shall be granted and plaintiffs' motion shall be denied.

## Background

After the Bergmans' March 22, 2003 accident with Frey, Anthem paid approximately $3,000 of their medical expenses. On August 8, 2003, the Bergmans filed a Chapter 7 bankruptcy petition. The Bankruptcy Court entered an order appointing Bruce Comly French as Trustee on March 8, 2005.

On March 14, 2005, the Trustee filed an adversary complaint seeking to have Anthem declared a general unsecured creditor. Three days later, the Trustee filed a personal injury complaint against Frey, seeking damages in excess of $100,000 relating to the automobile accident.

The Bankruptcy Court entered an order on April 19, 2005 consolidating both suits into a single adversary proceeding. I then withdrew this case from the Bankruptcy Court in light of Frey's jury demand. Thereafter, the Trustee filed a motion seeking judgment on the pleadings to establish Anthem

---

[1] The subrogation clause provides:

> We have the right to recover payments we make on your behalf from any party responsible for compensating you for your injuries. The following apply: We have first priority for the full amount of benefits we have paid from any recovery regardless of whether you are fully compensated, and regardless of whether the payments you receive make you whole for your losses and injuries.

Def.'s Resp. Ex. A at 2.

and German Mutual Insurance Company as general unsecured creditors under Fed. R. Civ. P. 12(c). Anthem responded and filed a cross-motion for summary judgment under Fed. R. Civ. P. 56.

**Standard of Review**

Summary judgment must be granted only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party always bears the initial responsibility of informing the district court of the basis for its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 5(e)). Once the burden shifts, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is insufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, Rule 56(e) "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324.

In deciding the motion for summary judgment, the evidence of the non-moving party will be accepted as true, all doubts will be resolved against the moving party, all evidence will be construed in the light most favorable to the non-moving party, and all reasonable inferences will be drawn in the non-moving party's favor. *Eastman Kodak Co. v. Technical Servs., Inc.*, 504 U.S. 451, 456 (1992).

**Discussion**

Plaintiff Trustee states that the issue here is whether defendant is entitled to creditor priority status as defined in § 507 of the Bankruptcy Code. 11 U.S.C. § 507. The Trustee contends that Anthem is a general unsecured creditor because insurers are not identified in the Code as entities with priority status.

The issue here is not, however, whether Anthem has priority status. Rather, the issue is whether a subrogation clause in an insurance policy creates a pre-existing property right in an insurer, with the result that the subrogation claim is not deemed to belong to the bankrupt's estate. The Trustee fails to address this issue directly. Instead, the Trustee relies solely on the language of the Bankruptcy Code and the argument that it should be read, as Congress intends, narrowly. This argument cannot prevail.

The Bankruptcy Code defines property of a bankruptcy estate as "all legal or equitable interests of the debtor in property at the outset of the case." 11 U.S.C § 541(a)(1). The question in this case is whether, at the commencement of the bankruptcy case, the debtors had a legal or equitable interest in potential recoveries from defendant Steve Frey. Although federal law governs bankruptcy proceedings, state law creates and defines the property interests, absent any supervening federal interest. *Butner v. U.S.*, 440 U.S. 48, 55 (1979).

The Ohio Supreme Court addressed this issue in a similar situation between an injured party and the health insurance provider. In *Blue Cross and Blue Shield Mutual of Ohio v. Hrenko*, 72 Ohio St. 3d 120 (1995), the insurer paid for medical expenses on behalf of its insured for injuries resulting from an automobile accident. The insured collected $42,000 in a settlement with the tortfeasor. The insurance company demanded reimbursement and sued under the policy's subrogation and reimbursement.

4

Ruling for the insurer, the court relied on both contract principles and public policy to identify the rights involved. *Id.* at 122. The court held that allowing the injured to receive medical expenses from both his insurer and the tortfeasor would circumvent the subrogation clause and place him in a better position than he was in before the accident. *Id.* Ordering reimbursement, the court held that the insurer had an enforceable property right under the subrogation clause. *Id.* at 120.

Applying these principles to the insurance contract in this case leads to the same result. Under *Hrenko* Anthem's subrogation rights vested as soon as it paid the Bergmans' medical expenses. Thus, under state law, Anthem has a property interest in its contractually-established right to recover those expenses from a suit filed against the tortfeasor, Frey.

These rights are unaffected by the Bankruptcy Code or bankruptcy proceedings involving the insured. In *Pearlman v. Reliance Insurance Co.*, 371 U.S. 132 (1962), an insurance company wrote surety bonds for a construction company working under a government contract. Pending completion of the project, the government retained a percentage of its payments to the construction company. *Id.* at 134.

The company failed to complete the project, and filed bankruptcy. The insurer paid over $350,000 on the bonds to the government. *Id.* The government, rather than paying the retained sums to the insurance company, paid those monies to the Bankruptcy Court Trustee. The insurer objected and asserted that it had a priority interest in those funds.

Agreeing with the insurer and ordering repayment to the insurance company, the Supreme Court held that "a surety who pays the debt of another is entitled to all the rights of the person he paid to enforce his right to be reimbursed. This rule is generally known as the right of subrogation" 371 U.S.

5

at 137. Although there was no subrogation provision in the surety bonds issued to the construction company, the Court held that the insurer had a right of equitable subrogation. *Id.*

In view of its determination that the insurer had a subrogation right, the Court further stated that "property interests in a fund not owned by a bankrupt at the time of adjudication . . . are not a part of the bankrupt's property and do not vest in the trustee." *Id.* at 135. Consequently, the "Bankruptcy Act simply does not authorize a trustee to distribute other people's property among a bankrupt's creditors." *Id.* at 136. *Accord*, *In re DuBose*, 174 B.R. 260 (Bankr. N.D. Ohio 1994) (funds recovered by an insurer under a subrogation clause did not, under *Pearlman*, become part of the bankrupt insured's estate).

These principles apply to the dispute in this case.[2] The fact that Anthem's claim arises from contract, rather than equitably, strengthens its claim. That claim is for $3,000, which is substantially less than the $100,000 sought by the Bergmans from the tortfeasor. In accordance with *Pearlman*, Anthem is entitled to recover the monies it expended for the Bergmans' medical expenses in the event that the Bergmans prevail in their personal injury suit. Those funds cannot become property of the bankruptcy estate because that would enable the Trustee to distribute Anthem's property among the Bergmans' creditors, which the Bankruptcy Code does not authorize.

The Trustee argues that the Bankruptcy Code should be read narrowly, and that health insurance providers are not listed as entities entitled to priority status. The Trustee argues, furthermore,

---

[2] Since the adoption of the Bankruptcy Code in 1978, the Bankruptcy Court for the Northern District of Ohio has held in accordance with *Pearlman*. *In re DuBose*, 174 B.R. 260, 262 (Bankr. N.D. Ohio 1994).

that medical payments made on behalf of debtors do not constitute "exceptional circumstances," such that they do not warrant priority status above a general unsecured creditor.

So far as they go, these contentions are indisputable: but they are misfocused, and fail to acknowledge the subrogation clause and the rights that arise under *Pearlman*.

## Conclusion

In light of the foregoing, it is

ORDERED THAT

1. Trustee's motion for judgment on the pleadings be, and the same hereby is denied;

2. Defendant's cross-motion for summary judgment be, and the same hereby is granted: all money, up to $3,000, that debtors recover in their civil suit shall be paid directly to defendant and shall not become property of the bankruptcy estate.

So ordered.

/s/James G. Carr
James G. Carr
United States District Judge
